UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JOHNSON,

               Plaintiff,                     Case No. 2:22-cv-12360
                                            District Judge Laurie J. Michelson
v.                                         Magistrate Judge Anthony P. Patti

HEIDI WASHINGTON, *et al*.,

               Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF No. 16 and 29) AND ORDER DENYING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 19)

I.    **RECOMMENDATION**:

    The Court should **GRANT** Defendants' original motion to dismiss (ECF No. 16), as well as Defendant Russell's later-filed motion to dismiss (ECF No. 29.) In addition, Plaintiff's motion to file second amended complaint (ECF No. 19) is **DENIED**.

II.    **REPORT**

    **A.    Background**

        **1.    Factual Background**

    Plaintiff Ronald C. Johnson, proceeding *in pro per*, filed the instant action on October 4, 2022, alleging violations of the Equal Protection and Due Process

Clauses of the Fourteenth Amendment and the American Disabilities Act

("ADA").  Specifically, he claimed that he was wrongfully prohibited from

participating in the Prisoner Observation Aide ("POA") program at Macomb

Correctional Facility based on the score he was assessed under the Prisoner Rape

Elimination Act ("PREA").  According to Plaintiff, his PREA assessment should

not have been based on any criminal history or behavior in prison and his allegedly

incorrect PREA assessment was being used to wrongfully prohibit him from the

POA program.  Plaintiff brought this action against various officials associated

with the Michigan Department of Corrections (the "MDOC"), including Heidi

Washington (the Director of the MDOC), George Stephenson, Eric Herbert (the

PREA Coordinator at Macomb Correctional), Renata Patton (Director of

Classification at Macomb Correctional), Richard D. Russell, and Willis Chapman.

The case was assigned to Judge Laurie J. Michelson, who granted Plaintiff's

application to proceed *in forma pauperis.*  (ECF No. 4.)  After granting the

application, Judge Michelson screened the complaint and determined that it did not

state a claim on which relief could be granted.  (ECF No. 6.)  So, on October 20,

2022, Judge Michelson issued an Opinion and Order which dismissed the

complaint and granted Plaintiff 32 days to amend it.  (*Id.* at PageID.37.)  Plaintiff

was allowed to file an amended complaint "if he is able to plead facts showing

Defendants treated him differently by assigning him a PREA score in violation of

the Equal Protection Clause." (*Id.*) Plaintiff was specifically prohibited from

bringing any claims under the ADA or for violation of his Due Process rights. (*Id.*)

Judge Michelson then referred the case to me "for all pretrial proceedings,

including a hearing and determination of all non−dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 10,

PageID.59.)

Plaintiff timely filed an amended complaint. (ECF No. 7.)  Defendants filed

a motion to dismiss the amended complaint on July 3, 2023.  (ECF No. 16.)

Plaintiff responded on August 8, 2023 (ECF No. 18) and simultaneously filed a

motion to file a second amended complaint (ECF No. 19).  Defendants oppose the

amendment, stating that the motion was untimely and that the amendment would

be futile as against all Defendants, and time barred as against proposed Defendant

Fletcher. (ECF No. 20.)

After Defendants Richard Russell and Eric Herbert were served, they each

filed their own individual motions to dismiss.  (ECF Nos. 29, 36.)   Both motions

adopt the arguments set forth in the initial motion to dismiss.  Plaintiff has filed a

response to Defendant Russell's motion and it will be addressed in this report and

recommendation.  Defendant Herbert's motion has not yet been fully briefed and thus will not be addressed.

## 2.    Instant Motions

### a.    Defendants' motion to dismiss (ECF No. 16)

On July 23, 2023, Defendants Heidi Washington, George Stephenson, Willis Chapman, and Renata Patton filed a motion to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  (ECF No. 16.)  Defendants argue that: (1) Plaintiff's amended complaint fails to comply with Fed. R. Civ. P. 8; (2) Plaintiff fails to allege the requisite personal involvement of each Defendant with respect to the assignment of the PREA score; and, (3) Plaintiff fails to state a plausible Equal Protection violation.  (*Id.*)  Defendants assert that "[m]any of the claims themselves, such as his continued assertion that his PREA score denied him the ability to work (ECF No. 7, PageID.40), are outside of what this Court allowed, as these claims are not [about] whether [Plaintiff's] rights were violated by virtue of the assignment of the PREA itself." (ECF No.16, PageId.75.)  Defendants also contend that Plaintiff has failed to identify any similarly situated inmates to support an Equal Protection claim and that "[u]ltimately, [Plaintiff's] Amended Complaint fails to assert a viable Equal Protection claim for more reasons than his original Complaint that has already been dismissed for failure to state a claim."  (*Id.*, PageId.76.)

4

Plaintiff responds that he has, in fact, stated a valid Equal Protection claim and that, to the extent that his amended complaint is deficient, he should be allowed to amend it to correct the errors.  (ECF No. 18.)  Plaintiff also points out that he is "old, in poor health, and still recovering from the effects of a stroke." (*Id.* at PageID.90.)

### b.    Plaintiff's motion to file second amended complaint

On the same day he filed his response to the motion to dismiss, Plaintiff filed a motion to file a second amended complaint.  (ECF No. 19.)  In his motion, Plaintiff contends that he should be excused for any errors in his first amended complaint and should be allowed to rectify them.  (*Id.* at PageID.104.) Specifically, he admits that he failed to mention Defendants Washington, Stephenson, and Chapmen in the body of his amended complaint and seeks to file a new complaint that corrects this oversight.  (*Id.*.)  He also requests to add a John or Jane Doe, later identified as "ARUS Fletcher," as the prison official who assigned him his PREA score.  (*Id*. at PageID.106.)

Defendants argue that any amendment is untimely under the Court's prior order, would be futile because it fails to state a claim on which relief can be granted, and the new proposed claim against Fletcher is barred by the applicable statute of limitations. (ECF No. 20.)

### c.   Defendant Russell's motion to dismiss (ECF No. 29)

Finally, on October 10, 2023, Defendant Richard D. Russell filed a motion to dismiss.  (ECF No. 29.)  Since he had not been served at the point the initial motion to dismiss was filed, he filed this later motion which adopts all facts as stated therein.  (*Id.*, PageID.177-78.)

### B.   Standard

### 1.   Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the

6

strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).  To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted).[1]

---

[1] *See also Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

### 2.    Amendment under Rule 15

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

### C.    Discussion

### 1.    Defendants' July 3, 2023 motion to dismiss (ECF No. 16)

### a.    Rule 8

Defendants first argue that Plaintiff's complaint is subject to dismissal because it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The goal of the complaint is to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'"  *Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957)).  Here, Defendants assert that Plaintiff's complaint fails to meet that standard.  The Court should agree.

Plaintiff is the master of his complaint. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).  With respect to Defendants Chapman and Stephenson, their names do not appear anywhere in the amended complaint.  (ECF No. 7.)  Defendant Washington is named in the case caption, but her name does not appear anywhere in the body of the amended complaint.  (*Id.*)  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Here, Plaintiff's failure to name Defendants Washington, Chapman, and Stephenson anywhere in the body of the amended complaint does not give them sufficient "notice of his [or her] alleged wrongdoing." *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (2002).  Thus, these three Defendants are entitled to dismissal.[2]

Similarly, with respect to Defendant Patton, the only specific allegation against her is that "Patton admitted that the PREA score is wrong and that she is keeping [Plaintiff's] name along with other similarly treated inmates on the list hoping that the rules will change."  (ECF No. 7, PageID.41.)  This allegation, in and of itself, is legally insufficient to state an equal protection claim and fails under

---

[2] Plaintiff recognizes his error in not naming these Defendants and seeks leave to file an amended complaint to correct the deficiency.  As will be discussed *infra*, the motion to amend will be denied as futile and untimely.

9

Rule 8 and Rule 12(b)(6).  "Even pro se complaints must satisfy basic pleading requirements."  *Gilmore*, 92 F. App'x at 190 (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory*."  Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  There can be no question that this one sentence allegation fails to meet basic Rule 8 requirements for stating a viable Equal Protection claim.

Thus, the Court should thus grant the motion to dismiss as to Defendants Washington, Chapman, Stephenson,  and Patton for failure to meet the minimal pleading standards under Rule 8.

### b.    Lack of Personal Involvement

Furthermore, even setting aside the failure to specifically name Defendants in the body of the complaint, Defendants argue that the amended complaint fails to allege the requisite personal involvement as to the assignment of the PREA score and that even Plaintiff admits he does not know who assigned him the PREA score. (ECF No.16.)

"Under § 1983, there is no respondeat superior or vicarious liability*."  Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir.2013).  "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must

demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id.*   Indeed, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL 1255910, at \*5 (W.D. Mich. Mar. 26, 2014) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

Although "using collective references is not an impermissible pleading form *per se*[,]" *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1162 (S.D. Fla. 2019), on the issue of individual involvement, "it is insufficient to make generic or blanket allegations pertaining to 'defendants' or allegations lumping together individual defendants[,]" and "mere citation to each individual defendant's job description—without an accompanying allegation showing how each defendant failed to comply with his or her job description—is insufficient." *Rouse v. Washington*, No. 20-CV-11409, 2021 WL 2434196, at \*8 (E.D. Mich. June 15, 2021) (Goldsmith, J.).

The lack of any mention of Defendants Washington, Chapman, and Stephenson, and the one-line reference to Defendant Patton, fails to adequately

allege individual involvement, and thus fails to state a claim against them upon which relief may be granted.  *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights."); *see also Vartinelli v. Aramark Corr. Servs., LLC,* No. 18-CV-10964, 2019 WL 1402653, at *8 (E.D. Mich. Mar. 28, 2019), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("Plaintiffs' Complaint throughout speaks collectively of the conduct of the 'Defendants' and there are no allegations specifically related to any personal involvement of any of the individual Defendants . . . [but,] '[i]In order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors.'") (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

In allowing Plaintiff to amend his complaint, Judge Michelson stated that he could do so "if he is able to plead facts showing Defendants treated him differently by assigning him a PREA score in violation of the Equal Protection Clause."  (ECF No. 6., PageID.37.)  Plaintiff does not (and according to Defendants *cannot*) allege

12

that any of these Defendants were involved in the assignment of a PREA score. (*See* ECF No. 16, PageID.81, noting that PREA scores are assigned by an Assistant Residence Unit Supervisor ("ARUS").)  Indeed, not only does Plaintiff fail to plead facts to demonstrate an Equal Protection violation, but Plaintiff also specifically states in his amended complaint that he has "no way of knowing who assessed, recorded and assigned the PREA score."  (ECF No.7, PageID.40.) However, a federal lawsuit is not a deep sea fishing expedition in which a plaintiff gets to troll the waters, hoping to snag a fish in his net.  *See Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1001 (S.D. Ohio 2016) (quoting *New Albany Tractor, Inc., v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) ("discovery cannot be used as a fishing expedition to uncover the facts necessary to support the causes of action presented in the complaint, 'even when the information needed to establish a claim...is solely within the purview of the defendant or a third party. . . .' Plaintiffs 'may not use the discovery process to obtain facts after filing suit.'"). Rule 11 requires a good faith basis for alleging plausible facts and claims against identifiable defendants, certifying that "the factual contentions have evidentiary support or, *if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P.11(b)(3) (emphasis added); *Clark v. Bendapudi*, Case No. 22-5983, 2023 U.S. App. LEXIS 19364, *14 (6th Cir. Jul. 25, 2023) ("The amended complaint includes

no facts demonstrating that any identifiable defendants were aware of Clark's invitation to a 'Christian' speaker to express pro-life beliefs or the contents of the presentation."); *Iqbal*, *supra*.  That has not occurred here.

Accordingly, Plaintiff has failed to allege the requisite personal involvement to state a claim under Rule 12(b)(6) against Defendants Washington, Stephenson, Patton, and Chapman which specifically ties them to the allegations of an Equal Protection violation.

### c.    Failure to state an Equal Protection Claim

Plaintiff brings his constitutional claim pursuant to 42 U.S.C. § 1983. "'Section 1983 provides a cause of action against any person who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law.'"  *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014) (quoting *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)). Plaintiff's § 1983 claim asserts an alleged violation of the Equal Protection Clause. (ECF No.7, PageID.44.)

> The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  This provision thus requires that all similarly situated individuals be treated similarly.  *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

*PHN Motors, LLC v. Medina Twp.*, 498 F. App'x 540, 548 (6th Cir. 2012).  The Equal Protection Clause of the Fourteenth Amendment "prevents states

14

from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Umani v. Mich. Dep't of Corrections*, 432 F. App'x 453, 458 (6th Cir. 2011).

In Judge Michelson's October 20, 2022 order, she held that Plaintiff could not proceed on a theory that he was denied access to the POA program because "[i]t is well established . . . that no prisoner has a constitutional right to a particular job or to any job." (ECF No. 6, PageID.30, citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) and other cases.)  She also held that Plaintiff had not pleaded facts indicating he was targeted because he was a member of a suspect class.  (*Id*., PageID.31.)  Thus, she found that Plaintiff could not bring an Equal Protection claim based on either of the first two theories under *Umani* that require heightened scrutiny:  a burden to a fundamental right or based on targeting a suspect class. *Umani,* 432 F.at 458.  (ECF No. 6, PageID.31.)

This left only whether Plaintiff had pled a claim under a "class of one" theory.  (*Id.*) The Supreme Court has recognized an equal protection claim brought by a "class of one" "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Judge Michelson found that Plaintiff could not bring such a claim based

on barring him from the POA program, as there was a rational basis as a matter of

law for the bar: his PREA score.  (ECF No. 6, PageID.32.)  Judge Michelson also

found that PREA scores and other matters of prison security are entitled to

significant deference and thus it was "not plausible that Defendants prohibited

Johnson from participating in the POA program without any rational basis to do

so."  (*Id.* at PageID.33.)

The Court posited that Plaintiff may have intended to bring a claim "about

the assignment of the PREA score itself, instead of his denial from the POA

Program because of his score."  (*Id.*)  But based on Sixth Circuit precedence, such

a claim would fail because there is no constitutional right to a correct PREA score,

and because "the Sixth Circuit has held that an incarcerated person fails to state a

claim when challenging their security designation under the Equal Protection

Clause." (ECF No. 6, PageID.33-34) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571,

576 (6th Cir. 2005)).  The Court then concluded that Plaintiff had not plausibly

pleaded an Equal Protection Claim, but granted leave to amend on one narrow

theory and allowed Plaintiff to file an amended complaint "describing his Equal-

Protection claim regarding his PREA score if he is able to plead facts that plausibly

show disparate treatment." (ECF No. 6, PageID.34.)

As a third basis for dismissal, Defendants argue that Plaintiff fails to plead

facts which, even if they are personally tied to them, state an Equal Protection

Claim under the parameters established by Judge Michelson.  Specifically,

Defendants argue that Plaintiff has failed to plead facts showing disparate

treatment and, moreover, showing intentional discrimination.  (ECF No. 16,

PageID.84-85.)  Without such an allegation, Plaintiff's Equal Protection claim

must fail.  Indeed, in his amended complaint, Plaintiff states:

> Plaintiff can not say that it was ill will, per se, because Plaintiff has no way of knowing who assessed, recorded, and assigned the PREA score.  It could *very well have been a mistake*.  Plaintiff is not yet ready to go out on a limb and say it was intentional.

(ECF No.7, PageID.40 (emphasis added).)  As Defendants point out, "it is well-

settled that the Equal Protection Clause prohibits only intentional discrimination."

*Rhodes v. Snyder*, 302 F. Supp. 3d 905, 910–11 (E.D. Mich. 2018) (citing

*Washington v. Davis*, 426 U.S. 229, 239 (1976)).  Plaintiff must plead that he "has

been intentionally treated differently from others similarly situated and that there is

no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*,

528 U.S. 562, 564 (2000). As Plaintiff specifically states that he has no idea if

Defendants' actions were intentional, his amended complaint must fail.[3]

---

[3] Plaintiff states in his response brief that while he was "at first willing to give the benefit of the doubt to some of the Defendants in this case . . . it quickly became clear to Plaintiff that this was all done intentionally and that each and every Defendant chose 'of their own will' to become a part of this intentional violation of Plaintiff's constitutional right to the Equal Protection Clause."  (ECF No. 18, PageID.94 (emphases in original).)  First, it is fundamental that Plaintiff cannot alter his allegations by claiming something different in a response brief.  The Court is bound to look at his allegations, as pleaded in his amended complaint, not as

Likewise, Plaintiff has failed to adequately plead disparate treatment in the *assignment of his PREA score*. Despite Judge Michelson's instructions to limit his amended pleading to allegations involving disparate treatment in the assignment of his PREA score, the gravamen of Plaintiff's amended complaint continues to focus on his restriction from various prison programs. Such a theory has already been dismissed by the Court, and cannot be reasserted now. In his amended complaint, Plaintiff states that he is proceeding on an Equal Protection violation theory and then states:

> Plaintiff has been singled out to be denied eligibility for the programs listed on pages 2 and 3 of this Amended Complaint. He has also been denied eligibility for the POA program even though he once worked as a POA on the Saginaw Compound. Once a prisoner is denied POA status, word spreads quickly among the inmate/staff population. It is always generally assumed that the prisoner denied POA status because of his PREA score is some kind of perverted freak. This should be corrected before someone gets killed because of such wrongful perception.

(ECF No. 7, PageID.44.) Plaintiff continues to focus on his restriction from prison programs, rather than the assignment of his PREA score. And to the extent he discusses his PREA score, he has wholly failed to allege any facts showing disparate treatment in the assignment of the score. At most, Plaintiff alleges that

---

asserted in a response brief. *See generally Bassett,* 528 F.3d at 430. Moreover, even if Plaintiff had pleaded a theory that all Defendants, whether or not they assigned the score, knowingly failed to correct it, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. University of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

one prisoner ("Wooster") was allowed to work POA based on *his own* PREA score, despite his alleged sexual conviction.  (*Id.* at PageID.40.)  But even this allegation is focused on the participation in the POA program and, in any event, fails to identify someone who is "similarly situated." Instead, Plaintiff has identified only an inmate who allegedly has a different conviction – and likely a different prison disciplinary history – that he does.[4]  Thus, Plaintiff has failed to allege facts which, even construing all inferences in his favor, plausibly allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Accordingly, the Court should **GRANT** the initial motion to dismiss (ECF No. 16) as Plaintiff's amended complaint: (1) fails to meet the basic pleading requirements of Rule 8; (2) fails to allege the requisite personal involvement of

---

[4] The Court takes judicial notice under Fed. R. Evid. 201(b)(2), per the MDOC's OTIS records, that the conviction for which Plaintiff is currently being incarcerated is for homicide-second degree murder, with prior convictions for possession of controlled dangerous substances and weapons-carrying concealed. https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=159768 (Last checked December 16, 2023).  *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp.2d 857, 862-63 (N.D. Ohio 2013) ("the Court may take judicial notice [of public records] in ruling on a motion to dismiss without having to convert the motion into one for summary judgment."); *see also Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006).  Presumably all or some of this criminal history is considered in formulating Plaintiff's individual PREA score, making it a relevant comparative factor here under Fed. R. Evid. 401.

Defendants Heidi Washington, George Stephenson, Willis Chapman, and Renata Patton; and, (3) fails to plead facts sufficient to state an Equal Protection claim as outlined by Judge Michelson.

### 2. Plaintiff's motion to file second amended complaint (ECF No. 19)

On August 11, 2023, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 19.)  In his motion, Plaintiff seeks to file an additional pleading to rectify some of the errors noted in Defendants' motion to dismiss, and to further clarify his claims.  Specifically, Plaintiff acknowledges that he failed to mention Defendants Washington, Stephenson, and Chapman in the body of his complaint (ECF No. 19, PageID.104), and he seeks to add additional details about his allegations.  He further requests that, since he initially did not know who assigned the PREA score, he be allowed to add a "Jane or John Doe" (*id.* at PageID.106), but then he later asserts that ARUS Fletcher "is the Jane Doe Defendant who assigned this false PREA score to Plaintiff" (*id.* at PageID.112). Thus, Plaintiff appears to seek leave to add "ARUS Fletcher" as a defendant instead of or in addition to the proposed Doe defendants.

In response, Defendants argue that the second amended complaint is outside the leave granted by Judge Michelson for amending the pleadings, is futile, and at least partly outside the statute of limitations.  (ECF No. 20.)  I agree.

### a. Failure to adhere to the Court's deadline

First, in Judge Michelson's October 20, 2022 order, she gave Plaintiff 32 days to amend his complaint. When leave to file an amended complaint is filed after a court-imposed deadline, Federal Rule of Civil Procedure 16(b)(4) provides an additional—and more stringent—threshold requirement, *i.e.*, that a schedule "may be modified only for good cause and with the judge's consent." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x. 364, 367 (6th Cir. 2016) ("Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16."). "Consequently, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard in order for the district court to amend the scheduling order." *Id.* (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). Parties "can demonstrate 'good cause' for their failure to comply with the original schedule [] by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907. And, "in addition to Rule 16's explicit 'good cause' requirement ... a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id.* at 909. Here, Plaintiff has not shown good cause for failing

21

to move earlier.  He states that he is 69 years old and in poor health, but those

factors do not constitute "good cause" for a nearly nine month delay in amending

the complaint for such a basic mistake as failing to even mention Defendants in the

body of the complaint, and for further failing to meet the requirements of Rule 8.

Plaintiff's attempt to amend the complaint for the second time, without a showing

of good cause, is untimely.

### b.  Failure to correct deficiencies

Second, Plaintiff's proposed second amended complaint fails to correct the

deficiencies noted *supra* in the Court's analysis on Defendants' motion to dismiss.

Much of the second amended complaint is focused on his being prevented from

participating in the POA program, along with various other prison programs and

privileges. (*See, e.g.*, ECF No. 19, PageID.111.)  Such claims are outside the

parameters allowed by Judge Michelson in her October 20, 2022 order, and fail to

state a claim for the reasons expressed therein.  Further, in clarifying his claims,

Plaintiff now seems to be proceeding on a theory that ARUS Fletcher assigned the

PREA score and the other Defendants failed to correct the score, failed to grant his

grievance, or are based entirely on supervisory liability.  All of these claims –

except those proposed against AURUS Fletcher, discussed *infra*. – are futile as, as

stated above, "liability under § 1983 must be based on active unconstitutional

behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199

F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. University of Tenn.*, 159 F.3d

199, 206 (6th Cir. 1998)).  This case is strikingly similar to *Shehee*, where the

Sixth Circuit found:

> In the present case, Shehee's only allegations against Crosley, Hambrick,
> Henry and Miner involve their denial of his administrative grievances and
> their failure to remedy the alleged retaliatory behavior. With respect to
> Luttrell, Shehee's only claim is Luttrell's alleged failure to intervene on
> Shehee's behalf. There is no allegation that any of these defendants directly
> participated, encouraged, authorized or acquiesced in the claimed retaliatory
> acts against Shehee, nor is there any evidence that these defendants violated
> Shehee's right to equal protection under the law. Accordingly, we hold that
> as a matter of law Crosley, Hambrick, Henry, Miner and Luttrell neither
> committed a constitutional violation nor violated a clearly established right
> to which Shehee was entitled.

*Id.*  Because §1983 claims relying solely on a failure to act or *respondeat superior*

are futile as a matter of law, leave to amend cannot be granted as to any Defendant

other than the individual who Plaintiff now alleges assigned his PREA score,

ARUS Fletcher, and the motion to amend must be denied accordingly.

### c.  Futility

Further, with respect to any claim brought against ARUS Fletcher, the

claims are both futile and time-barred.  While the proposed second amended

complaint asserts that ARUS Fletcher assigned the PREA score, it does not make

the required allegations that he "has been intentionally treated differently from

others similarly situated and that there is no rational basis for the difference in

treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Without

those allegations, as discussed *supra*, Plaintiff's proposed second amended complaint does not state an Equal Protection claim and granting leave to amend would be futile.

### d. Time-barred

Finally, as Defendants point out, adding ARUS Fletcher at this point would be futile because any claims against her would be time-barred as being outside the statute of limitations.  The relevant statute of limitations for claims in Michigan brought under 42 U.S.C. § 1983 is three years.  *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).  Plaintiff states in his filings that he is 69 years old, and that his PREA score "was assessed and assigned to [him] in 2018 about six months before Plaintiff's 65th birthday."  (ECF No.19, PageID.112.)  As such, even if he *had* stated a claim against Fletcher (which he did not), such a claim would be futile as time-barred.

Because the proposed second amended complaint suffers from the same substantive deficiencies as the current operative pleading, and further because the second amended complaint is untimely under Judge Michelson's deadline and is time-barred under the relevant statute of limitations, the motion to file a second amended complaint (ECF No. 19) is **DENIED.**

24

### 3.    Defendant Russell's motion to dismiss (ECF No. 29)

At the time the initial motion to dismiss was filed, Defendant Richard

Russell had not yet been served.  Following service, Defendant Russell filed his

own motion to dismiss.  (ECF No. 29.)  In his motion, he states that the claims

against him fail for the reasons expressed in the previous motion to dismiss.

Specifically, he is not mentioned anywhere in the body of the complaint, and the

amended complaint does not "attribute any factual allegation of specific

constitutional wrongdoing" to him.  (*Id.* at PageID.177.)   Having reviewed

Defendant Russell's motion, Plaintiff's response, and the amended complaint,

Defendant Russell's motion should be granted for the same reasons that the initial

motion should be granted.  The amended complaint does not plausibly state an

Equal Protection claim against Defendant Russell any more than it states one

against the other defendants.  The Court should **GRANT** the motion.  (ECF No.

29.)

### D.    Conclusion

The Court should **GRANT** Defendants' initial motion to dismiss (ECF No.

16) and Defendant Russell's motion to dismiss (ECF No. 29).  In addition,

Plaintiff's motion to file a second amended complaint (ECF No.19) is **DENIED**.

## III.   PROCEDURE ON OBJECTIONS

### A.     Report and Recommendation on motions to dismiss

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

26

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

### B.    Order on motion to amend

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides

a period of fourteen (14) days after being served with a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. §

636(b)(1).

**IT IS SO ORDERED.**

Dated:  December 18, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE