UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JOHNSON,

        Plaintiff,

v.

HEIDI WASHINGTON, *et al*.,

        Defendants.
_____/

Case No. 2:22-cv-12360
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT HERBERT'S MOTION TO DISMISS (ECF 36)

**I.    RECOMMENDATION**:

The Court should **GRANT** Defendant Eric Herbert's motion to dismiss (ECF No. 36).

**II.    REPORT**

Plaintiff Ronald C. Johnson, proceeding *in pro per*, filed the instant action on October 4, 2022, alleging violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the American Disabilities Act ("ADA"). Specifically, he claimed that he was wrongfully prohibited from participating in the Prisoner Observation Aide ("POA") program at Macomb Correctional Facility based on the score he was assessed under the Prisoner Rape Elimination Act ("PREA"). According to Plaintiff, his PREA assessment should

not have been based on any criminal history or behavior in prison and his allegedly incorrect PREA assessment was being used to wrongfully prohibit him from the POA program.  Plaintiff brought this action against various officials associated with the Michigan Department of Corrections (the "MDOC"), including Heidi Washington (the Director of the MDOC), George Stephenson, Eric Herbert (the PREA Coordinator at Macomb Correctional), Renata Patton (Director of Classification at Macomb Correctional), Richard D. Russell, and Willis Chapman.

The case was assigned to Judge Laurie J. Michelson, who granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 4.)  After granting the application, Judge Michelson screened the complaint and determined that it did not state a claim on which relief could be granted.  (ECF No. 6.)  So, on October 20, 2022, Judge Michelson issued an Opinion and Order which dismissed the complaint and granted Plaintiff 32 days to amend it.  (*Id.* at PageID.37.)  Plaintiff was allowed to file an amended complaint "if he is able to plead facts showing Defendants treated him differently by assigning him a PREA score in violation of the Equal Protection Clause." (*Id.*)  Plaintiff was specifically prohibited from bringing any claims under the ADA or for violation of his Due Process rights. (*Id.*)  Judge Michelson then referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 10, PageID.59.)

Plaintiff timely filed an amended complaint. (ECF No. 7.) The served Defendants filed a motion to dismiss the amended complaint on July 3, 2023. (ECF No. 16.) Plaintiff responded on August 8, 2023 (ECF No. 18) and simultaneously filed a motion to file a second amended complaint (ECF No. 19). Defendants opposed the amendment, stating that the motion was untimely and that the amendment would be futile as against all Defendants, and time barred as against proposed Defendant Fletcher. (ECF No. 20.) After Defendants Richard Russell and Eric Herbert were served, they each filed their own individual motions to dismiss. (ECF Nos. 29, 36.) Both motions adopted the arguments set forth in the initial motion to dismiss. On December 18, 2023, I issued an order denying the motion to amend and a report and recommendation, recommending that the initial motion to dismiss and Defendant Russell's motion to dismiss be granted. (ECF No. 40.) Because the response was not yet due for Defendant Herbert's motion to dismiss, the motion was not addressed.

I ordered that Plaintiff must file any response to Defendant Herbert's motion to dismiss by January 5, 2024. (ECF No. 37.) Plaintiff did not file any opposition brief to the motion. Plaintiff also did not file any objections to the December 18,

3

2023 report and recommendation and, on January 18, 2024, Judge Michelson adopted my report in full. (ECF No. 41.)

  **B.**  **Standard**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits

4

attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted).[1]

## C. Discussion

In my December 18, 2023, report and recommendation ("R&R), which has subsequently been adopted by Judge Michelson, I set forth, in detail, why the initial motion to dismiss, as well as Defendant Russell's subsequent motion to

---

[1] *See also Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

5

dismiss should be granted.  (ECF No. 40.)  Defendant Herbert has adopted all of the arguments previously asserted by his co-Defendants, and for the same reasons set forth in the December 18, 2023 R&R, Defendant Herbert's motion (which is unopposed) should be granted.

In my earlier R&R, I first found that Plaintiff's complaint was subject to dismissal because it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2) and thus failed to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957)).  (ECF No. 40, PageID.259.)  Indeed, other than listing their names, at most, in the caption of the complaint, Defendants' names did not appear anywhere in the body of the amended complaint.  (*Id.*)  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)).

Here, Plaintiff has similarly failed to list Defendant Herbert's name anywhere in the complaint itself, and has failed to give Herbert sufficient "notice of his alleged wrongdoing." *See Frazier v. Michigan*, 41 F. Appx. 762, 764 (6th Cir. 2002).  Thus, Defendant Herbert is entitled to dismissal.

Second, in my R&R, I held that the amended complaint fails to allege the requisite personal involvement to state a viable claim under 28 U.S.C. § 1983. (ECF No. 40, PageID.260.) For the same reason, the amended complaint fails to set forth sufficient factual allegations with respect to Defendant Herbert.

"Under § 1983, there is no respondeat superior or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir.2013). "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Id.* "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL 1255910, at *5 (W.D. Mich. Mar. 26, 2014) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

Although "using collective references is not an impermissible pleading form *per se*[,]" *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1162 (S.D. Fla. 2019), on the issue of individual involvement, "it is insufficient to make generic or blanket allegations pertaining to 'defendants' or allegations lumping

7

together individual defendants[,]" and "mere citation to each individual defendant's job description—without an accompanying allegation showing how each defendant failed to comply with his or her job description—is insufficient." *Rouse v. Washington*, No. 20-CV-11409, 2021 WL 2434196, at *8 (E.D. Mich. June 15, 2021) (Goldsmith, J.).

As Defendant Herbert argues, Plaintiff "not only does not claim that Herbert assigned the PREA score, he makes no factual assertions as to Herbert at all." (ECF No. 36, PageID.216.)  The lack of any mention of Defendant Herbert means that Plaintiff has failed to adequately allege individual involvement, and thus failed to state a claim against him upon which relief may be granted.  *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights."); *see also Vartinelli v. Aramark Corr. Servs., LLC,* No. 18-CV-10964, 2019 WL 1402653, at *8 (E.D. Mich. Mar. 28, 2019), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("Plaintiffs' Complaint throughout speaks collectively of the conduct of the 'Defendants' and there are no allegations specifically related to any personal involvement of any of the individual Defendants . . . [but,] '[i]n order for liability

8

to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors.'") (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

Finally, Defendant Herbert argues that Plaintiff's amended complaint has failed to state an Equal Protection Claim. The Court should agree. As I set forth in my previous R&R, the Equal Protection Clause of the Fourteenth Amendment "prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Umani v. Mich. Dep't of Corrections*, 432 F. App'x 453, 458 (6th Cir. 2011). Judge Michelson has previously found that Plaintiff could not bring an Equal Protection claim based on either of the first two theories under *Umani* that require heightened scrutiny: a burden to a fundamental right or based on targeting a suspect class. *Umani,* 432 F. App'x at 458. (ECF No. 6, PageID.31.) This left only whether Plaintiff had could bring a claim under a "class of one" theory. (*Id.*)

The Supreme Court has recognized an equal protection claim brought by a "class of one" "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the

9

difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Judge Michelson allowed Plaintiff to file an amended complaint "describing his Equal-Protection claim regarding his PREA score if he is able to plead facts that plausibly show disparate treatment." (ECF No. 6, PageID.34.)

But Plaintiff's complaint, as I have already found in my previously adopted R&R, has failed to plead facts showing disparate treatment or intentional discrimination. Without such an allegation, Plaintiff's Equal Protection claim must fail. Plaintiff, rather than alleging intent, pleads:

> Plaintiff can not say that it was ill will, per se, because Plaintiff has no way of knowing who assessed, recorded, and assigned the PREA score. It could *very well have been a mistake*. Plaintiff is not yet ready to go out on a limb and say it was intentional.

(ECF No.7, PageID.40 (emphasis added).) Defendant Herbert argues, "proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." (ECF No. 36; PageID.217.) Indeed, "it is well-settled that the Equal Protection Clause prohibits only intentional discrimination." *Rhodes v. Snyder*, 302 F. Supp. 3d 905, 910–11 (E.D. Mich. 2018) (citing *Washington v. Davis*, 426 U.S. 229, 239 (1976)). Plaintiff must plead that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). As Plaintiff specifically pleads that he has no idea if Defendants' actions were intentional, his amended complaint must fail.

Plaintiff's amended complaint focuses on his restriction from prison programs, rather than the assignment of his PREA score. And, to the extent he discusses his PREA score, he has wholly failed to allege any facts showing disparate treatment in the assignment of the score. At most, Plaintiff alleges that one prisoner ("Wooster") was allowed to work POA based on *his own* PREA score, despite his alleged sexual conviction. (ECF No. 7, PageID.40.) But even this allegation is focused on the participation in the POA program and, in any event, fails to identify someone who is "similarly situated." Instead, Plaintiff has identified only an inmate who allegedly has a different conviction – and likely a different prison disciplinary history – than he does.[2] Thus, as I found in my previous R&R (ECF No. 40, PageID.268-69), Plaintiff has failed to plead facts which, even construing all inferences in his favor, plausibly allege that he "has been intentionally treated differently from others similarly situated and that there is

---

[2] The Court takes judicial notice under Fed. R. Evid. 201(b)(2), per the MDOC's OTIS records, that the conviction for which Plaintiff is currently being incarcerated is for homicide-second degree murder, with prior convictions for possession of controlled dangerous substances and weapons-carrying concealed. https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=159768 (Last checked March 15, 2024). *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 862-63 (N.D. Ohio 2013) ("the Court may take judicial notice [of public records] in ruling on a motion to dismiss without having to convert the motion into one for summary judgment."); *see also Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006). Presumably all or some of this criminal history is considered in formulating Plaintiff's individual PREA score, making it a relevant comparative factor here under Fed. R. Evid. 401.

11

no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Accordingly, the Court should **GRANT** Defendant Herbert's motion to dismiss (ECF No. 36) for the reasons set forth briefly above, and as further articulated in my December 18, 2023 R&R (ECF No. 40).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated: March 15, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE