UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD C. JOHNSON,

    Plaintiff,

v.

HEIDI WASHINGTON et. al.,

    Defendants.

Case No. 22-12360
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION [42], AND GRANTING DEFENDANT'S MOTION TO DISMISS [36]**

Ronald Johnson, incarcerated at the Macomb Correctional Facility, brings this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that he was wrongfully denied employment and access to his Prison Rape Elimination Act (PREA) records, on which the denial was apparently based, in violation of the Fourteenth Amendment and the Americans with Disabilities Act. (ECF No. 1, PageID.8–11.) Johnson alleges that he applied for a job with the Prisoner Observation Aide Program (POA) in March 2017 and, after spending several years on the waitlist, was told in 2021 that he was ineligible for POA employment due to "the score assigned to him during his PREA assessment . . . during his first days in prison." (*Id*. at PageID.3–4.) However, Johnson claims PREA was not implemented in Michigan until after his arrival at Macomb and that he never received a PREA assessment, so he asked prison staff about his PREA score. (*Id*. at PageID.4–5.) He alleges these staff members, who are named defendants in this case, told him that MDOC rules prohibited them from

discussing his PREA score with him. (*Id.* at PageID.5.) After filing multiple grievances, he filed suit in this court. (*Id.* at PageID.5–6.)

All pretrial matters in this case were referred to Magistrate Judge Anthony P. Patti. (ECF No. 10.) Soon after, four of the six defendants—Willis Chapman, R. Patton, George Stephenson, and Heidi Washington—filed a joint motion to dismiss for failure to state a claim. (ECF No. 16.) Johnson then moved to file a second amended complaint (ECF No. 19), and a few months later Defendant Richard Russel also filed a motion to dismiss (ECF No. 29). On December 18, 2023, Magistrate Judge Patti issued a Report and Recommendation addressing all three of these motions. (ECF No. 40.) He recommended granting both motions to dismiss and denying Johnson's motion to file a second amended complaint. (*Id.* at PageID.251.) On January 18, 2024, having not received any objections to this recommendation, the Court adopted the recommendation in full and dismissed these five defendants.

Now only one defendant remains—Eric Herbert. He too has moved to dismiss for failure to state a claim (ECF No. 36) and Judge Patti has recommended granting this motion (ECF No. 42). That recommendation is currently before this Court.

At the conclusion of his Report and Recommendation, Judge Patti notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 42, PageID.293.) Since Johnson was served via mail, three days are added to the objection period under Federal Rule of Civil

2

Procedure 6(d). And the prison mailbox rule also applies, so Johnson's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Johnson may have mailed, it has now been more than 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 42.) It follows that Herbert's motion to dismiss (ECF No. 36) is

3

GRANTED. Since Herbert was the last remaining defendant, the case as a whole is also DISMISSED. A separate judgment will follow.

    SO ORDERED.

    Dated: April 17, 2024

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE